UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RONALD BRATTON, | ) | CASE NO. CV 16-6266-MWF (PJW) |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING HABEAS CORPUS PETITION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |
| RICK HILL, | ) | |
| Respondent. | ) | |

    In November 1994, Petitioner was convicted in Los Angeles County Superior Court of second degree murder and sentenced to 19 years to life in prison. (Petition at 2.) On November 4, 2015, he and his counsel attended a parole hearing. (Petition, Exhibit C ("Hearing").) They were given an opportunity to challenge the documentary evidence considered by the Parole Board and to submit additional evidence. (Hearing at C5-C7.) Petitioner made a statement at the hearing and counsel made a closing argument. (Hearing at C96-C101.) In the Parole Board's oral decision that followed, the Board explained to Petitioner why he was being denied parole for a five-year period. (Hearing at C102-C118.)

    Following the denial, Petitioner unsuccessfully challenged the Parole Board's decision in habeas corpus petitions in the Los Angeles

County Superior Court, the California Court of Appeal, and the California Supreme Court. (Petition at 2(b), 2(c), and Exhibit A.) On August 22, 2016, he filed a habeas corpus petition in this court, claiming that: (1) he was denied due process because the Parole Board's decision was not supported by any evidence; (2) the Board's failure to set a release date has resulted in a cruel and unusual sentence of life without the possibility of parole, in violation of the Eighth Amendment; (3) the Board's five-year parole denial pursuant to California Proposition 9 was an unlawful ex post facto punishment; and (4) the Board violated his due process rights by preventing him from submitting psychiatric evidence or having a psychiatrist present at the hearing. (Petition at 3(a)-(z), 4(a)-(b).)

The Court has a duty to screen habeas corpus petitions before ordering service on a respondent. *See Mayle v. Felix,* 545 U.S. 644, 656 (2005). In so doing, if it plainly appears from the face of a petition that a petitioner is not entitled to relief, the Court can dismiss the petition at the outset. *See* Rule 4, Rules Governing § 2254 Cases; and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). For the following reasons, the Court concludes that it is clear on the face of the petition that Petitioner is not entitled to relief and, therefore, the petition is dismissed with prejudice.

The Court's review of parole denials is limited to determining whether a petitioner was given an opportunity to be heard and an explanation for the reasons denying his parole. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Clearly, that happened here. Petitioner's complaint that the Parole Board's decision was not based on any evidence (or that the evidence was flawed) is not properly before the Court. *Id.* at 221 ("[I]t is no federal concern [] whether

1   California's 'some evidence' rule of judicial review (a procedure
2   beyond what the Constitution demands) was correctly applied.").
3   Likewise, Petitioner's argument that his due process rights were
4   violated when he was not allowed to present psychiatric evidence is
5   misplaced.  There is no federal constitutional right to present
6   psychiatric testimony at a parole hearing.  *See, e.g., Greenholtz v.*
7   *Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 9-11, 16 (1979)
8   (holding state procedure "affords an opportunity to be heard, and when
9   parole is denied it informs the inmate in what respects he falls short
10  of qualifying for parole; this affords the process that is due under
11  the circumstances.  The Constitution does not require more.")  As
12  such, Petitioner's claims are not cognizable in this action.  *See*,
13  *e.g., Thompson v. Soto*, 2015 WL 3929651, at *4 (C.D. Cal. June 24,
14  2015) (rejecting petitioner's claims that use of immunized testimony
15  and inaccurate confidential information in parole decision violated
16  due process rights).[1]

17      Petitioner's claim that the Board's failure to grant him a parole
18  date renders his sentence cruel and unusual is also rejected.
19  Petitioner was convicted of murder.  It is beyond dispute that a life
20  sentence for murder is not cruel and unusual punishment.  *See, e.g.*,
21  *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("[I]t is

---

[1] To the extent that Petitioner contends that his rights under the Americans With Disabilities Act ("ADA") were violated by the Board's actions, this claim is rejected.  Petitioner acknowledged at the hearing that he was competent to proceed and his counsel agreed that his ADA rights had been met, without objection from Petitioner. (Hearing at C6-C7.)  No more was required.  *See Armstrong v. Davis*, 275 F.3d 849, 859, 865 (9th Cir. 2001) (noting, in parole hearing context, ADA requires that the Board make reasonable accommodations to enable inmates to attend and comprehend parole hearings), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005).

clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment.").

Petitioner's argument that a five-year denial by the Parole Board violated the Ex Post Facto Clause of the federal Constitution has been considered and rejected by both the Ninth Circuit and the California Supreme Court. *Gilman v. Brown*, 814 F.3d 1007, 1016-21 (9th Cir. 2016) (concluding retroactive application of Proposition 9 does not violate the Ex Post Facto Clause); *In re Vicks*, 56 Cal.4th 274 (2013) (same). In light of these decisions, the state courts' rejection of his claim cannot be said to be an unreasonable application of clearly established federal law. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (holding federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision"); *Stevenson v. Asuncion*, 2016 WL 4154946, at *3 (C.D. Cal. June 24, 2016) (denying petitioner's ex post facto claim in light of Ninth Circuit's conclusion in *Gilman* that retroactive application of Proposition 9 did not violate federal law).

Because Petitioner has not and cannot state a cognizable claim, the Petition is denied and the case is dismissed with prejudice. Further, because he has not made a substantial showing of the denial of a constitutional right, he is not entitled to a certificate of

appealability.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

IT IS SO ORDERED

DATED:    September 20, 2016.

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE